UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Limale Ba, | Case No.:_____<br>Case Type: 442-Employment |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| Delta Airlines, INC., | |
| Defendant. | |

Plaintiff Limale Ba ("Mr. Ba" or "Plaintiff"), by and through his undersigned attorneys, brings this action against Defendant Delta Airlines, Inc. ("Delta" or "Defendant").

## INTRODUCTION

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Plaintiff Limale Ba was an applicant for employment with Delta Airlines ("Delta") for a gate agent position at Minneapolis-Saint Paul International Airport ("MSP"). He passed all required pre-screening, and even received his security badge from MSP to begin working in secure areas. However, prior to his start date, Mr. Ba suffered a serious injury resulting in hospitalization and requested a later start date to accommodate his recovery. Rather than accommodating this request, Delta rescinded its offer of employment without any justification. Plaintiff thus brings this action under the ADA to enforce his federally protected civil rights.

1

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Limale Ba, is an individual residing in Ann Arbor, Michigan.

3. Defendant, Delta Airlines, Inc., is a Delaware corporation, conducts business in this state and maintains a registered agent in Roseville, Minnesota.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise out of federal law.

5. Venue is proper in this judicial district under 42 US.C. § 12117 and 42 USC. § 2000e5(f)(3), as this is the judicial district in which Plaintiff would have worked but for the alleged unlawful employment practice.

6. Plaintiff has exhausted all applicable administrative remedies.

7. Plaintiff timely filed a charge of discrimination with the U.S Equal Opportunity Commission (EEOC), who investigated and found reasonable cause to believe that Defendant violated the ADA. After the EEOC's attempts at conciliation failed, the EEOC issued Plaintiff a Notice of Conciliation Failure and Notice of Right to Sue on May 22, 2024.

## STATEMENT OF FACTS

8. Mr. Ba applied for a Ticket/Gate Agent position with Delta Air Lines at Minneapolis-St. Paul International Airport (MSP) on or about July 7, 2022.

9. On August 2, 2022, Mr. Ba attended an on-site hiring day in Minneapolis and interviewed for the position.

2

10. On August 3, 2022, after completing the initial interview process, the Delta Talent Acquisition email address informed Mr. Ba that Delta extended a conditional offer of employment and outlined the steps for the on-boarding process.

11. Mr. Ba was thrilled, as this was a dream job for him. He had always wanted to pursue a career in the aviation industry and was excited for the opportunity, even if it meant relocating to Minnesota.

12. Mr. Ba then proceeded to successfully complete all pre-employment screenings and obtain the proper badging from MSP.

13. On August 5, 2022, Mr. Ba completed a physical ability test required for employment with Delta in Grand Rapids, Michigan. He was able to fully perform the tasks required by the job.

14. On August 10, 2022, Delta informed Mr. Ba via email that he had conditionally cleared the pre-employment requirements, which allowed him to start working for Delta pending clearance of all background checks.

15. In the same August 10 email, Delta informed Mr. Ba that it would confirm Mr. Ba's start date.

16. On August 23, 2022, Delta told Mr. Ba that his start date would be September 26, 2022.

17. On August 24, 2022, Delta informed Mr. Ba via email that he had successfully completed the initial step in the onboarding process.

18. Mr. Ba also completed all necessary steps to receive a security clearance and badge from Minneapolis-Saint Paul International Airport.

19. On August 31, 2022, Mr. Ba emailed a Delta Representative to confirm that the only remaining this for him to do was to pick up this badge. The representative confirmed he was set until mid-October.

20. The following week, on his own time and expense, Mr. Ba flew from Michigan to Minnesota to receive this badge.

21. In early September, Mr. Ba received a call from Delta's Talent team informing him his start date was being pushed back to October 24, 2022, on Delta's own initiative.

22. On September 15, 2022, Delta confirmed the new October 24 start date in an email to Mr. Ba.

23. Mr. Ba took out a personal loan to cover travel and moving expenses in anticipation of the move.

24. Unfortunately, on October 10, 2022, two weeks before his new start date, Mr. Ba went for his regular morning jog and broke his femur, requiring hospitalization and surgery.

25. Mr. Ba informed Delta via email on October 12, 2022, of his injury and the required surgery.

26. The broken femur, and required rehabilitation, substantially limited many of Mr. Ba's major life activities, including but not limited to, standing, walking, lifting, bending, and others.

27. However, with surgery, therapy and recovery, Mr. Ba could still perform the essential functions of the job for which he applied, with reasonable accommodation.

28. That same day, Mr. Ba and spoke to a Delta employee, and asked for an accommodation of a later start date for his position because he needed surgery due to his disabling injury. The Delta employee told him he would have to reapply.

29. On October 16, 2022, Mr. Ba reached out to Delta management and stated:

I just want to let you know that I do not want this job to go away because I have been looking for it more than 15 years. It is my dream job. If I get the information about where to go and who to look for it will be very helpful. My start day is October 24th. Thank you.

30. On October 17, 2022, Carmen Bald from Delta replied:

Unfortunately since you couldn't make your start date due to your pending surgery for your broken femur, we had to rescind your CJO [Conditional Job Offer] acceptance. Please feel free to reapply when you are fully recovered and can confirm that you are able to start working at Delta.

31. Delta had not requested any medical records, nor had they requested new agility testing. Delta simply rescinded its offer immediately upon hearing of Mr. Ba's disabling injury.

32. On October 20, 2022, Mr. Ba emailed Delta informing it that he had been discharged from the hospital and was beginning the post-surgery recovery process.

33. On October 26, 2022, Mr. Ba specifically again requested accommodation in the form of a pushed back start date and noted that he had passed all of the required steps in the hiring process.

34. Delta rejected this request for reasonable accommodation. On October 27, 2022, Ms. Bald stated, "Unfortunately since we don't know when you'll be able to pass the physical agility testing, we already rescinded your CJO because of your surgery.

5

Please reapply on Delta.com/careers when you are cleared by a doctor and able to complete the required testing."

35. On November 1, 2022, Mr. Ba received a Termination of Benefits Notice from Delta, indicating his employment with Delta ended on October 24, 2022.

36. That same day, November 1, Mr. Ba emailed the Candidate Care team at Delta, outlining his situation, and noting that Delta had once moved his start date and would not allow him to move his start date back. He also indicated his confusion in receiving a termination notice when he had not even started yet.

37. The Candidate Care representative asked for the job title and reference number, and indicated it was being forwarded to another team.

38. Mr. Ba then received a call from a different Delta representative, and Mr. Ba explained the situation. That Delta representative said she would speak to a manager, and that Mr. Ba would receive some type of response in a couple of days. Mr. Ba never heard back.

39. On November 4, 2022, Mr. Ba texted a Delta Minneapolis HR representative letting them know he was waiting to hear back.

40. The HR representative responded, "When I have an update for you, I'll get back to you."

41. Having still received no response, Mr. Ba texted again asking to know the final decision.

42. Mr. Ba did not receive a response. Mr. Ba has still not received a response to this day.

43. Delta's motivation for rescinding its employment offer to Mr. Ba was based, at least in part, on his disability.

44. Delta's motivation for rescinding its employment offer to Mr. Ba was based, at least in part, on his requests to accommodate his disability.

45. As a result of Delta's decision to rescind his employment offer, Mr. Ba has suffered significant economic and non-economic damages.

## CAUSES OF ACTION

### COUNT I
### Disability Discrimination – Americans with Disabilities Act

46. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

47. The ADA prohibits discrimination against individuals, including applicants for employment, stating

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

48. Defendant is a covered employer and Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111(4)-(5).

49. During the relevant time period, Plaintiff had a disability as defined by the ADA, specifically his broken femur, and necessary recovery, which substantially limited one or more major life activities.

50. Plaintiff was a qualified individual with a disability as defined by the ADA, to-wit: Plaintiff, with reasonable accommodation, was able to perform the essential functions of his future employment duties with Defendant.

51. Defendant perceived and/or regarded Plaintiff as having a disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

52. Plaintiff was entitled to and requested reasonable accommodation, including but not limited to, an extended start date or other accommodation during his recovery, which Defendant denied by rescinding its offer of employment to Plaintiff.

53. Defendant discriminated against Plaintiff because of his real and/or perceived disabilities in violation of the ADA, 42 U.S.C. § 12112, by and through its agents, servants, and/or employees, by acts including, but not limited to rescinding Plaintiff's offer of employment and denying him a reasonable accommodation.

54. Defendant's actions in violation of the ADA were willful.

55. Defendant's actions were taken in reckless disregard of Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

56. Plaintiff's disabilities were the motivating and/or but for cause of Defendant's actions in violation of the ADA.

57. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of

reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

58. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
### Failure to Accommodate – Americans with Disabilities Act

59. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

60. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

61. Defendant is a covered employer and Plaintiff is a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(4)-(5).

62. During the relevant time period, Plaintiff had a disability as defined by the ADA, specifically his broken femur, and necessary recovery, which substantially limited one or more major life activities.

63. Plaintiff is a qualified individual with a disability as defined by the ADA. Plaintiff, with reasonable accommodation, was able to perform the essential functions of his employment duties with Defendant.

64. Defendant perceived and/or regarded Plaintiff as having a disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

65. Plaintiff requested reasonable accommodations including, but not limited to, a later start date.

66. Defendant failed to engage in the interactive process regarding Plaintiff's requests for accommodations.

67. Plaintiff's requested accommodation did not impose an undue hardship on Defendant or its business.

68. Defendant refused Plaintiff's request for accommodation, refused to discuss the matter, and ultimately rescinded his offer of employment.

69. Defendant's actions in violation of the ADA were willful.

70. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

71. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT III**
**Retaliation – Americans with Disabilities Act**

72. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

73. Defendant is a covered employer and Plaintiff is a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(4)-(5).

74. Plaintiff engaged in federally protected activity by requesting reasonable accommodations for a disability.

75. Defendant was aware of Plaintiff's protected activity and thereafter subjected Plaintiff to adverse employment actions including, but not limited to, rescinding his offer of employment.

76. Defendant's actions were motivated by unlawful retaliation against Plaintiff due to his protected activity.

77. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to such adverse employment actions.

78. Defendant's actions in violation of the ADA were willful.

79. Defendant's actions were taken in reckless disregard of Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

80. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

81. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and

benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Limale Ba, requests that this Court enter the following relief:

a. Declare the practices and actions of Defendant as unlawful employment practices in violation of the ADA;

b. Compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled;

c. Exemplary damages in whatever amount he is found to be entitled;

d. Punitive damages in whatever amount he is found to be entitled;

e. Liquidated damages in an amount equal to his lost wages and benefits;

f. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

g. An order of this Court reinstating Plaintiff to the position he would have if there had been no wrongdoing by Defendant;

h. An injunction of this Court prohibiting any further acts of discrimination or retaliation by Defendant;

i. An award of interest, costs, and reasonable attorney fees; and

j. Whatever other equitable relief this Court finds appropriate.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,

        CROSON, TAUB, & MICHAELS, PLLC

        <u>/s/ Joseph X. Michaels</u>
        Adam M. Taub (P79084)
        Attorney for Plaintiff
        455 E. Eisenhower Pkwy, Suite 75
        Ann Arbor, MI 48108
        (734) 519-0872
        jmichaels@ctmlawyers.com

Dated: August 6, 2024